CHARLES F. PETERSON, APPELLEE, V. WALTER G. HUMPHREYS ET AL., APPELLANTS: TRENMORE CONE, APPELLEE.

FILED FEBRUARY 21, 1929. No. 26673.

*Brogan, Ellick & Raymond,* for appellants.

*Mullen & Morrissey, Robert R. Mullen, C. J. Endres* and *James H. Hanley,* contra.

Heard before GOSS, C. J., DEAN, GOOD, THOMPSON and EBERLY, JJ., and REDICK, District Judge.

THOMPSON, J.

Appellee Peterson recovered judgment against appellants for $2,500, to reverse which the latter appeal and challenge such judgment for the following reasons: That, under our compensation statutes, the appellants are not "third" parties, and, further, that the amount of recovery is excessive.

By agreement this case was consolidated with *Boyd v. Humphreys, ante,* p. 799. The contentions of the respective parties, so far as material, are substantially the same

in the two actions, hence our conclusions in *Boyd v. Humphreys, supra,* are controlling herein as to appellants' first challenge; and as to the second we find the evidence amply sufficient to sustain the recovery had.

It might be well, as further illustrative of the instant case, to state that the appellee Peterson is the father of the injured Peterson boy named in the above reported case, and was employed by the subcontractor Cone, as was the boy, and while so employed and in the course of his business as such employee, while each and all were operating under our compensation statutes, appellee was injured by and through the same actionable negligence of the appellants, the general contractors, as was his son.

Being satisfied with our holding in *Boyd v. Humphreys, supra,* it follows that the judgment of the trial court should be, and is,

AFFIRMED.